Mathews, J.

delivered the opinion of the court. The object of this suit is to cause to be cancelled and annulled, a deed of sale of certain slaves, named in the petition, executed by R. Terrel, the plaintiffs’ ancestor, to N. Cropper, the late husband of the defendant, on an allegation, that it was made in fraud of Terrel’s creditors. The plaintiffs had judgment, and the defendant appealed.
In support of this action, and of the correctness of the judgment of the district court, the appellees rely much on the decisions of this court, in the cases of Lopez vs. Greffin’s *351 executor, 5 Martin, 145, and Croizet's heirs vs. Gaudet, 6 id. 524.
East'n District.
March, 1821.
In neither of these cases was fraud directly alleged by the plaintiffs, who claimed the interference of this court, to set aside the feigned sale of which they complained. The first was stated to have been made for the purpose of protecting the owner against unjust pursuits, in legal form, which he apprehended would be commenced by his enemies, and supported by false witnesses. The second was stated to be, in reality, a conveyance by the ancestor, in trust, for the benefit of two of his heirs, to the exclusion of the others, under the form of an absolute sale.
The decision of the latter case, which, in its circumstances, is more like the present than the former, is grounded on our law of inheritance, which refuses to ascendants the right of depriving their descendants, or forced heirs, from that portion of their property which it secures to the latter.
The heirs of Croizet appear to have united in their attack on the sale, made by their father, as feigned and fraudulent against them, and, having supported their allegations, were relieved.
*352 In the present case, the petition contains no allegation, that the sale, which the plaintiffs seek to have annulled, was made in fraud of their rights as heirs; on the contrary, it is alleged, that it was made in fraud of the creditors of their ancestor, by placing his property out of their reach. It is true, they pray that the defendants may be decreed to account with them, but, they do not allege, that the value of the slaves, conveyed to the defendant’s husband, is more than equal to the debts of their father, and the amount advanced for him by the pretended vendee, or that they are in any manner deprived of their legitimate portion of his inheritance by the said sale.
The appellees have not brought themselves within the principles of law on which the decisions, in the cases cited, are founded, and we do not believe, that either justice, policy, or law, require that they should be extended to afford relief, in cases more avowedly base and fraudulent than those already adjudged.
Suitors only, who allege injury to themselves, or persons whom they legally represent, by feigned and fraudulent acts, can be listened to in a court of justice, when claiming relief against them.
Meriam and Workman for plaintiffs, Morse for defendant.
As the petition contains no allegation, that the plaintiffs are injured by the sale of which they complain, or that it was made in fraud of their rights, we are of opinion, that the district court erred in sustaining the present suit.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, arid reversed, and that there be judgment for the defendant, as in a a case of non-suit, and that the plaintiffs and appellee pay costs in both courts.